

ORDERED in the Southern District of Florida on June 24, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                               Case No.: 13-15057-LMI

REYNEL SUAREZ,                                       Chapter 7
    Debtor.

_____/

### ORDER GRANTING TRUSTEE'S MOTION TO SELL ESTATE'S INTEREST IN REAL PROPERTY BY PRIVATE SALE

THIS CAUSE came before this Court on June 24, 2012, upon the *Trustee's Motion to Sell Estate's Interest in Real Property by Private Sale* (the "Motion") [ECF 21] and the Certificate of No Response (the "CNR") [ECF 30]. The Court, having reviewed the Motion and the CNR, finds good cause to grant the Motion and finds that:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N).

C.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.  The Motion sought relief pursuant 11 U.S.C. § 363(b) and Bankruptcy Rules 2002, 6003, and 6004.

E.  Reynel Suarez (the "Debtor") filed a voluntary petition under Chapter 7, Title 11 of the United States Code (the "Bankruptcy Code") on March 5, 2013 (the "Petition Date").

F.  Ross R. Hartog was appointed as the Chapter 7 Trustee (the "Trustee") of the Debtors' estate.

G.  As of the Petition Date, the Debtors were the owner of an interest in real property located at 267 SE 16th Terrace, #103, Homestead, FL 33035, legally described as:

> Unit 527, Building 65, SHOMA CONDOMINIUMS AT KEY COVE, a Condominium, According to the Declaration of Condominium recorded in Official Records Book 23958, Page 4439, of the Public Records of Miami-Dade County, Florida, together with an undivided Interest in the Common Elements Appurtenant Thereto.

(the "Property").

H.  On April 23, 2013, the Trustee filed and served the Motion upon all creditors and other parties in interest as evidenced by the certificate of service filed with the Motion.

I.  There were no objections, responses or requests for hearing on the Motion.

J.  As evidenced by the certificates of service filed with the Court due, proper, timely, adequate and sufficient notice of the Motion and proposed sale of the Property (the "Sale") has been provided. All creditors and parties in interest were afforded an opportunity to object and be heard.

K.  The Motion provided for a sale of the Property to Ricardo Corona, Esquire, as Trustee and/or Assigns ("Corona" or "Buyer") for the sum of $4,000, subject to competitive bidding.

L.       The Trustee received no competing bids, and therefore Corona was the successful bidder and that successful bid was the result of good faith, arms' length negotiations with the Trustee.

M.       The Buyer is not an "insider" of the Debtor (as defined in the Bankruptcy Code). Accordingly, the Buyer is a good faith purchaser entitled to the protections afforded under 11 U.S.C. § 363(m).

N.       Upon consideration of the facts of this case, the Court finds that the Trustee's business judgment to sell the Property is sound.

O.       The Trustee obtained a fair and reasonable price for the Property.

**BASED ON THE FOREGOING, IT IS ORDERED**:

1.       The Motion is **GRANTED**.

2.       Pursuant to 11 U.S.C. §§ 105 and 363(b), the Trustee is authorized to sell and transfer to Corona, all of the Trustee's right, title, and interest in and to the Property for the sum of $4,000, on an as-is, where is, basis, with no representation or warranty of any type, subject to all liens, claims, encumbrances, and interests in the Property.

3.       The Trustee and Corona are authorized to execute, deliver, perform, consummate, and implement all of the terms and conditions of the sale, as applicable, and to take all actions necessary or appropriate to effectuate the transactions contemplated therein.  At closing, the Trustee shall convey title to the Property by executing a Trustee's Deed or Quit Claim Deed. The Trustee will not be required to deliver any other documents to consummate the sale.

4.       The transfer of the Property shall be a legal, valid, and effective transfer of the Property and shall vest the Buyer with all of the Trustee's right, title, and interest in the Property.

5. The Buyer shall be entitled to the protection of the good faith purchaser for value under 11 U.S.C. § 363(m), if this Order or any authorization contained herein is reversed or modified on appeal.

6. Each and every federal, state, local, municipal, or other governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Motion and this Order.

7. The Court retains jurisdiction to hear any matter or dispute arising from or relating to the Auction, the Sale and implementation of this Order.

# # #

Submitted by:
Ross R. Hartog, Chapter 7 Trustee
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida  331566
Tel: 305-670-5000
EM: trustee@mrthlaw.com

Copy furnished to:
Ross R. Hartog, Trustee

(Trustee HARTOG is directed to mail a copy of this Order to all parties in interest and to file a certificate of service).